UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Jason Field,<br><br>    Plaintiff,<br><br>v.<br><br>Vital Recovery Services, LLC and<br>Audi Financial Services,<br><br>    Defendants. | § § § § § § § § § § § | Civil Action No. 5:19-cv-00559 |

## COMPLAINT

Jason Field ("Plaintiff" or "Field"), by and through undersigned counsel, files this Complaint against Vital Recovery Services, LLC and Audi Financial Services ("Defendants"), and in support thereof, states as follows:

### INTRODUCTION

1. This Complaint alleges that Defendants violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Texas Debt Collection Practices Act, Tex. Fin. Code § 392 *et seq.* ("TDCPA"); and the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code § 17.41 *et seq.,* in pursuing Plaintiff for a false, deceptive, and misleading debt arising from an auto-loan account.

2. Plaintiff asserts that each Defendant violated the FDCPA, TDCPA, and DTPA by making varying misrepresentations regarding the balance owed the auto-loan, including a misrepresentation that Plaintiff owes $2,391.69.

3. In addition, pursuant to section 392.404 of the TDCPA, a violation of the TDCPA is a violation the "deceptive trade practice under Subchapter E, Chapter 17, Business Commerce Code, and is actionable under that subchapter."

4. At all times relevant, each Defendant attempted to collect a financial obligation that was used primarily for personal, family or household purposes and was therefore a "debt(s)" and and a "consumer debt" as those terms are defined by 15 U.S.C. §1692a(5) and Tex. Fin. Code § 392.001(2).

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by each Defendant took place in state of Texas.

8. Each Defendant committed each of these violations knowingly, willfully, and intentionally, and each Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. All violations alleged herein are material violations of the FDCPA and TDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10. Unless otherwise indicated, the use of each Defendant's name in this Complaint includes all the agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of each Defendant named.

11. Through this Complaint, Plaintiff does not allege that any state court judgment was entered against anyone in error, and each Plaintiff does not seek to reverse or modify any judgment of any state court.

12. This action seeks declaratory, compensatory, actual, statutory, and punitive damages, and costs and reasonable attorney's fees for Plaintiff against each Defendant for their negligent, willful, and knowing violations of the FDCPA, TDCPA, and the DTPA.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

14. Jurisdiction for related state law claims is proper pursuant to 28 U.S.C. § 1361, as the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper pursuant to 28 U.S.C. § 1391 as all the events and omissions giving rise to each Plaintiff's claims occurred here.

16. Each Defendant is subject to the Court's personal jurisdiction.

17. Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

18. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein each Defendant was the principal, agent (actual or ostensible) or employee and, in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff or the relief prayed for herein.

**PARTIES**

19. Plaintiff is a natural person who, at the time of the conduct giving rise to this action resided in the State of Texas, from whom a debt collector sought to collect a consumer debt which was alleged to be due.

20. Plaintiff is a "consumer" as that term is defined by Tex. Fin. Code § 392.001(1); and Tex. Bus. & Comm. Code § 17.45(4).

21. Defendant Vital Recovery Services, LLC ("Vital Recovery") is a third-party debt collector, headquartered in Peachtree, Georgia, that does business in Texas. Vital Recovery can be served at the following address: Vital

Recovery Services, LLC, c/o/ Registered Agent Solutions, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA .

22. Defendant Audi Financial Services ("Audi Financial") is an original creditor who provides auto-loan in Texas and headquartered in Libertyville, IL.

23. Each Defendant is a person who used an instrumentality of interstate commerce or the mail in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code 392.001(6), and a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

24. Each Defendant is a "person" as defined by Tex. Bus. & Comm. Code § 17.45(3).

FACTUAL ALLEGATIONS

25. On or about June, 18, 2014, Plaintiff entered into a contract for the purchase of a 2011 Audi A6 (the "Vehicle") for $39,622.23, financed through Audi Financial.

26. Along with the purchase of the Vehicle, Plaintiff purchased GAP Plus insurance with JM&A Group (GAP Agreement #: J00023203712), which is

insurance to pay for the difference between the loan and car value in the event of a loss.

27. After 72 payments on the loan, on or about April 23, 2018, Plaintiff was in a collision and filed a claim under his GAP Plus insurance.

28. After all insurance settlements and adjustments we made on his loan, Field had a remaining GAP amount of $2,676.76 remaining on his loan.

29. On June 12, 2018, he received a letter from his GAP insurance provider, JM&A Group, notifying him that it was crediting $2,676.76 to his "financial institution to [his] outstanding balance."

30. Over a year later, after no communication from Audi Financial, on March 5, 2019, he received a debt collection letter (the "Letter") from Vital Recovery requesting payment of $1,793.77, claimed to be only "75% to [his] entire account balance" of $2,391.69.

31. The Letter referenced Plaintiff's supposed tax refunds as a source for payment: "We hope you'll be among those who have already or will receive a tax refund this year."

32. Between June 12, 2018, the last payment on his account, and March 5, 2019, the date of the debt-collection letter, Plaintiff received no bills, no statements, and no contact on his account from Audi Financial.

33. The Letter identified the original creditor as "Audi Financial Services" but requested payment be made to "Vital Recovery Services, LLC."

34. Plaintiff, a former veteran, suffers from severe post traumatic stress disorder.

35. The receipt of a debt collection letters over a year after his account was fully paid has triggered his post traumatic stress disorder, caused extra stress, aggravation, and strife in his life, including causing arguments with his wife. The experience has caused extreme emotional distress in his daily life and causes him anxiety every time he has to expend time and effort to discuss the Letter.

36. Plaintiff contacted Audi Financial Services about the fact that it did not send him a bill for over a year and then after a year sent Plaintiff a bill. Plaintiff expressed that is a deceptive trade practice to send him a bill after over a year.

37. Plaintiff believes that Audi Financial Services sold the bill to third-party debt collector Vital Recovery.

38. Given that Plaintiff received a letter from his GAP insurance notifying him that all outstanding amounts owed on his Vehicle account was paid, the collection of any alleged remaining balance is false, deceptive, and misleading.

39. Each Defendant thus unlawfully used a false, deceptive, and misleading representation in the collection of a debt.

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDPCA)
### 15 U.S.C. § 1692 ET SEQ.

40. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth herein.

41. 15 U.S.C. § 1692 *et seq*. of the FDCPA regulates the duties and conduct of debt collectors in their attempt to collect debts from debtors.

42. Prohibited acts or conduct include, but are not limited to the use of false, deceptive, or misleading representations in connection with the collection of a debt. 15 U.S.C 1692e.

43. Each Defendant's violations was not just negligent, but willful in that each Defendant had knowledge Plaintiff did not owe the amount sought.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II
### VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT
### TEX. FIN. CODE § 392-392.404
### (AGAINST ALL DEFENDANTS)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Tex. Fin. Code §§ 392-392.404 regulates the conduct of debt collectors collecting debts in the state of Texas.

47. The foregoing acts and omissions constitute numerous and multiple violations of the TDCPA, including, but not limited to the following: each Defendant made unlawful misrepresentations in collection of a debt. Each Defendant also violated Tex. Fin. Code § 392.303 prohibition against using unfair or unconscionable means in collecting a debt.

48. As a result of each and every violation of the DCPA, Plaintiff is entitled to actual damages pursuant to Tex. Fin. Code § 392.403(a)(2); statutory damages of not less than $100 for each violation pursuant to Tex. Fin. Code § 392.403(e); and attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b).

## COUNT III
### VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT
### TEX. BUS. & COM. CODE § 17.41 *ET SEQ*
### (AGAINST ALL DEFENDANTS)

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Pursuant to Tex. Fin. Code § 392.404(a), a violation of the TDCPA is a deceptive trade practice act under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter.

51. As a result, Plaintiff is entitled to all relief and damages available under the DTPA.

### REQUEST FOR JURY TRIAL

52. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial be jury.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against each Defendant:

1. Actual damages;

2. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

3. Statutory damages of at least $100 for each and every violation of the Texas Debt Collection Act pursuant to Tex. Fin. Code § 392.403(e);

4. Exemplary damages pursuant to the common law claim of unreasonable collection efforts;

5. An award of costs of litigation and reasonable attorney's fees to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b);

6. Exemplary damages pursuant to the common law of Texas, *see, e.g. Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

7. Any other relief the Court may deem just and proper.

Dated: May 24, 2019

Respectfully submitted,

By: /s/ Ramona V. Ladwig
Ramona V. Ladwig
State Bar No. 24092659
**HYDE & SWIGART**
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
Phone: (952) 225-5333
Fax: (800) 635-6425
ramona@westcoastlitigation.com

*Attorneys for Plaintiff
Jason Field*